634

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT KOCH, Defendant-Appellant.

First District (6th Division)    No. 1—97—3773

Opinion filed June 30, 1999.—Rehearing denied August 3, 1999.—Modified opinion filed August 6, 1999.

Michael J. Pelletier and James E. Chadd, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and James Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE ZWICK delivered the opinion of the court:

Defendant, Robert Koch, was charged with the offenses of murder, armed violence, and unlawful restraint. However, he was found unfit to stand trial on November 12, 1981, December 10, 1981, January 26, 1982, November 9, 1982, and November 21, 1983. Defendant was found fit to stand trial on January 7, 1985 and August 26, 1985.

In November of 1985, defendant proceeded to a bench trial and raised the defense of insanity. The evidence presented at trial is adequately set forth in *People v. Koch*, 266 Ill. App. 3d 688, 640 N.E.2d 35 (1994) (*Koch I*), and we need not repeat it. Following trial, defendant was convicted of murder, armed violence and unlawful restraint. The trial court ultimately sentenced defendant to 35 years for the murder, 30 years for armed violence and 3 years for unlawful restraint.

Defendant filed a notice of appeal on January 29, 1986. The appeal was dismissed for want of prosecution on June 13, 1986. On July 8, 1986, defendant filed a motion to reinstate the appeal which was allowed on July 22, 1986.

On March 27, 1987, the appellate court again dismissed the appeal for want of prosecution. On June 19, 1991, defendant filed another motion to reinstate his appeal. This motion was denied June 26, 1991. Defendant filed a motion to reconsider and reinstate the appeal on July 3, 1991. The motion was denied for lack of jurisdiction on July 9, 1991.

On July 26, 1991, the defendant filed a motion for a supervisory order in the supreme court, asking that the court direct the appellate court to reinstate defendant's appeal. The supreme court denied the motion August 2, 1991.

On September 12, 1991, defendant filed a petition for postconviction relief in the circuit court, alleging that he had been denied his constitutional right to the effective assistance of appellate counsel and due process. The circuit court denied the petition on October 10, 1991, stating that it could not "overrule" the appellate or supreme courts. Defendant filed a notice of appeal on November 1, 1991.

On November 9, 1994, the appellate court found that the circuit court had improperly dismissed defendant's postconviction petition but denied defendant's request to consider six substantive issues defendant sought to raise. Instead, the court remanded the cause with instructions to consider the "issues" presented in defendant's postconviction petition. *Koch I*, 266 Ill. App. 3d at 693. In fact, only one issue was raised in his postconviction petition: whether defendant's right to effective appellate counsel had been denied. The circuit court found defendant had been denied the effective assistance of his appellate counsel on September 18, 1997. Pursuant to the supreme court's opinion in *People v. Moore*, 133 Ill. 2d 331, 549 N.E.2d 1257 (1990), the circuit court allowed defendant to file a late notice of appeal. Defendant did so on October 8, 1997.

Defendant now raises three issues for our consideration: (1) whether he was proven to be sane at the time of his crime by proof beyond a reasonable doubt; (2) whether his murder conviction was supported by sufficient evidence or whether it should be reduced to involuntary manslaughter; and (3) whether his conviction for armed violence must be vacated because the only felony supporting the armed violence charge was defendant's murder conviction. The State does not challenge the trial court's determination that defendant was denied effective assistance of appellate counsel. Accordingly, we have jurisdiction to consider these issues pursuant to *Moore*.

■ Although the procedural history of this appeal is complex, the substantive issues are not. In reviewing the sufficiency of the evidence on appeal, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267 (1985). A criminal conviction will not be set aside on review unless the evidence is so improbable or insufficient that there remains a reasonable doubt as to the defendant's guilt. *People v. Campbell*, 146 Ill. 2d 363, 374, 586 N.E.2d 1261 (1992); *Collins*, 106 Ill. 2d at 261. It is not the function of this court to retry a defendant when considering a challenge to the sufficiency of the evidence of his guilt. *People v. Boclair*, 129 Ill. 2d 458, 544 N.E.2d 715 (1989).

■ There is a presumption in Illinois that all people are sane and, in order to raise the affirmative defense of insanity, the defendant must present some evidence thereof. *People v. Silagy*, 101 Ill. 2d 147, 168, 461 N.E.2d 415 (1984). Then, the State must prove that the defendant was sane beyond a reasonable doubt at the time of the offense. *Silagy*, 101 Ill. 2d at 168. Whether the State has met this burden is a question of fact, and the trier of fact's determination will not be reversed unless it is so improbable or unsatisfactory as to create a reasonable doubt as to defendant's sanity. *People v. Tylkowski*, 171 Ill. App. 3d 93, 99, 524 N.E.2d 1112 (1988). In determining the question of sanity, the trier of fact may accept one expert's testimony over another's. *Tylkowski*, 171 Ill. App. 3d at 99.

■ Determinations of the credibility of witnesses, the weight to be given their testimony, and the reasonable inferences to be drawn from the evidence are responsibilities of the trier of fact. *People v. Steidl*, 142 Ill. 2d 204, 226, 568 N.E.2d 837 (1991). Witness credibility is within the exclusive province of the finder of fact. *Collins*, 106 Ill. 2d at 261-62. Indeed, the testimony of a single credible witness is sufficient to convict. *People v. Slim*, 127 Ill. 2d 302, 307, 537 N.E.2d 317 (1989). Such testimony is sufficient even when contradicted by defendant's evidence. *People v. Thornhill*, 31 Ill. App. 3d 779, 786, 333 N.E.2d 8 (1975).

■ Here, the State introduced the testimony of three psychiatrists: Dr. Gilbert Bogen, Dr. Phillip Pugh and Dr. Albert H. Stipes. Each offered his view that defendant was sane at the time of the offense. This testimony was clearly sufficient for the trial court to have determined that defendant was sane beyond a reasonable doubt.

■ As an alternative argument, defendant contends that his conviction for murder should be reduced to involuntary manslaughter since he claims that he did not have the necessary intent or knowledge for murder when he shot his father in the chest with a shotgun. However, defendant need not be shown to have had a specific intent to kill or to do great bodily harm in order for him to be convicted of murder. Instead, it is sufficient to show that the defendant voluntarily and willfully committed an act, the natural tendency of which was to destroy another's life. *People v. Kluxdal*, 225 Ill. App. 3d 217, 226, 586 N.E.2d 701 (1991). Moreover, the necessary general intent may be inferred from the circumstances surrounding the commission of the offense. *Kluxdal*, 225 Ill. App. 3d at 226. Generally, when an accused uses a deadly weapon upon his victim, it may be inferred that he intended to cause death. *Kluxdal*, 225 Ill. App. 3d at 226-27.

■ In this case, defendant believed the law was not going to be fair to him in his divorce and that he had to take matters into his own

hands. Dr. Bogen testified that defendant believed his parents were obstacles to seeing his children and they needed to be eliminated. Defendant knew that his parents had tried to prevent him from seeing his children in the past and he was not going to allow them to ruin his plans again.

The victims, Jean and Eugene Koch, returned to their home and found defendant holding one of Eugene's guns. Defendant pointed the gun at his father and said "Hold it right there." Defendant then ordered his parents into the recreation room and held them there at gunpoint for approximately two hours. Defendant aimed the gun at his parents several times and refused to put the safety on, even after his father explained that the gun had a hair trigger and after he asked defendant to put the safety on. Moreover, defendant had been test-firing the gun in the crawlspace before his parents came home. This was reasonably taken by the finder of fact as an indication that he intended to use the weapon.

When defendant's father abruptly stood up due to an insulin attack, defendant shot him in the chest. Defendant then pointed the gun at his mother whose life was spared only because she begged for mercy. She then told defendant to call the paramedics for his father, but he refused.

Next, defendant took his father's body and tried to hide it in the crawlspace. Then, after defendant tried unsuccessfully to sexually assault his mother, he tied her up, covered her with a blanket and drove her to Iowa, where his estranged wife lived. Defendant took the shotgun with him because, in his own words, "he was going to scare the hell" out of her.

In light of the above, we reject defendant's contention that the evidence conclusively establishes that his father's death resulted only because of his reckless conduct in pointing the gun. Defendant was properly convicted of murder.

■ Lastly, defendant claims that his conviction for armed violence must be vacated because he cannot be convicted of both armed violence and the underlying felony of murder. See *People v. Payne*, 98 Ill. 2d 45, 456 N.E.2d 44 (1983). The State concedes that the armed violence conviction must be vacated. Accordingly, we reverse defendant's conviction for armed violence. Because defendant has not requested resentencing on the remaining convictions, we need not address the issues raised by the State as to whether resentencing is required.

For the foregoing reasons, defendant's convictions for murder and

unlawful restraint are affirmed. Defendant's conviction for armed violence is reversed.

Affirmed in part; reversed in part.

CAMPBELL, P.J., and QUINN, J., concur.